## DANIEL ELKINS v. SAMUEL M. PAGE, ASA T. EDGERLY AND DAVID B. MERRILL.

Neither a mistake of arbitrators in deciding a question of law, nor the procurement of an award by the false and fraudulent testimony of a party, can be pleaded in a suit at law on the submission bond.

DEBT, on a submission bond, Page being principal, and the other defendants sureties. Plea, the general issue, with a brief statement, that by the submission, the case was to be decided by the arbitrators on legal principles, the same as if the trial were before a court and jury; that the award was not according to the submission, in this, that the arbitrators did not decide the case on legal principles in the same manner as if the trial had been before a court and jury; and that the award was procured by the false and fraudulent testimony of the plaintiff before the referees.

The question, whether the defence set forth in the brief statement was open to all or either of the defendants in the present action, was reserved.

*E. A. Hibbard,* for plaintiff.

*I. A. Eastman,* for defendants.

DOE, J. Where the object is to set aside an award for legal objections apparent on the face of it, this can be effected in a court of law. Kyd on Awards, 327; 2 Gr. Ev. sec. 78; *Prescott* v. *Fellows*, 41 N. H. 9. But the corruption or misconduct of arbitrators cannot be pleaded at law, but may be the ground of setting aside an award, upon motion, when the submission is made a rule of court, and upon a bill in equity in other cases. *Fletcher* v. *Hubbard*, 43 N. H. 58; 2 Gr. Ev. sec. 78; *Braddick* v. *Thompson*, 8 East, 344; *Wills* v. *Maccarmick*, 2 Wils. 148; *Riddel* v. *Sutton*, 2 M. & P. 345; 2 Chit. 44. That matters referred were not considered, should be shown to the court

on application to set aside the award. *Paull* v. *Paull*, 2 Dowl. P. C. 340 ; 2 C. & M. 235 ; 4 Tyr. 72.

To avoid an award on the ground of mistake of the arbitrator in a matter of law, when the mistake does not appear upon the face of the award, there should be a motion to set aside, or a bill in equity ; such a question cannot go to the jury, nor arise upon a plea. *Price* v. *Jones*, 2 Y. & J. 114. To avoid an award on the ground that the submission was obtained by fraud, application should be made to the court to set aside the order. *Sackett* v. *Owen*, 2 Chit. 39. The court refused to set aside an award or to stay proceedings on the ground that the arbitrator had been imposed upon by false evidence of a witness who might have been cross-examined before the arbitrator, especially when the award had been made two terms before the application. *Pilmore* v. *Hood*, 8 Scott, 182 ; 8 Dowl. P. C. 21 ; 3 Jur. 1153.

These authorities, and the whole current of decisions and practice in jurisdictions where there are chancery courts with full equity powers, show that the two points which the defendants wish to raise here, (1,) that the arbitrators did not decide on legal principles, (2,) that the award was procured by the false and fraudulent testimony of the plaintiff, cannot be determined by a jury, or raised by the pleadings in a suit at law. If they are grounds of setting aside an award, they can only be investigated upon motion to set aside the award or upon bill in equity. The authorities are agreed, the practice is uniform, and the propriety of both is manifest. If such questions could be raised in the manner proposed by the defendants, as the whole merits of the case would be opened, there would be substantially an appeal from the arbitrators to a jury in every case ; whereas the great object of arbitration is to substitute referees for a jury. To allow an appeal from the former to the latter would be expensive, inconvenient, and not contemplated by the parties at the time of the submission. The defence set forth in the brief statement is not open to either of the defendants in this action.

*Case discharged.*